Greg James Maeser, Esq.
Maeser Law Office, PLLC
149 N. Placer Avenue
Idaho Falls, ID 83402
Telephone: 208-523-7060
Facsimile: 208-522-4090
ISB No. 3015

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
SOUTHERN DIVISION**

KELLI VELASQUEZ,

    Plaintiff,

v.                                           Civil Action No.: _____

DIRECTV GROUP LONG TERM
DISABILITY PLAN and HARTFORD
LIFE AND ACCIDENT INSURANCE
COMPANY,

    Defendant.

**COMPLAINT**

The Plaintiff, KELLI VELASQUEZ, sues the Defendants, DIRECTV GROUP LONG TERM DISABILITY PLAN (hereinafter DIRECTV PLAN) and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (hereinafter "HARTFORD") and states:

1. This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and (f).

3. At all times material hereto, Plaintiff was a resident of Gem County, Emmett, Idaho.

4. Plaintiff was an employee of DirecTV.

5. At all times material hereto, Plaintiff is and/or was a participant in the DirecTV Group Disability Plan that provided for Long Term disability benefits (hereinafter "LTD Plan").

6. According to the LTD Plan, the plan is administered by DIRECTV with "benefits provided in accordance with the provisions of the applicable group plan."

7. According to the LTD Plan, the LTD Plan has granted HARTFORD "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy."

8. At all times material hereto, Defendant HARTFORD, a corporation licensed to do business in the State of Idaho, was charged with making the final benefits determinations at issue under the LTD Plan, including the determinations made on Plaintiff's claim.

9. The Plan was funded through a contract of insurance issued by HARTFORD, who pays claims from its own general assets.

10. By letter dated April 26, 2016, HARTFORD informed Plaintiff that her claim for Long Term disability benefits had been approved.

11. By letter dated April 27, 2018, HARTFORD determined that Plaintiff no longer met the definition of disability as defined in the LTD Plan and ceased paying benefits as of April 28, 2018.

12. Plaintiff requested reconsideration of the April 27, 2018 determination and HARTFORD affirmed the decision to terminate her Long Term disability benefits by decision dated November 27, 2018.  This affirmation was final and binding and HARTFORD informed Plaintiff that she had a right to bring a legal action under ERISA.

13. With respect to all claims made herein, Plaintiff has exhausted any and all administrative remedies provided under the Plan.

14. The LTD Plan provides that Plaintiff is entitled to Long Term disability benefits if she meets the definition of Disabled.

15. Plaintiff has met the definition of Disabled within the meaning of the LTD Plan and is entitled to disability as of April 28, 2018 and through the present.

16. Defendants DIRECTV PLAN and HARTFORD, since April 28, 2018 has failed and refused to pay Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

17. Plaintiff has been required to obtain the services of the undersigned attorney in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.  Pursuant to 29 U.S.C. § 1132(g) and Fla. Stat. § 627.428 Plaintiff is entitled to a reasonable attorney's fee and costs of action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KELLI VELASQUEZ, asks this Court to enter judgment against defendants DIRECTV PLAN and HARTFORD, finding that:

(a) Plaintiff met the definition of Disabled under the LTD Plan as of April 28, 2018 and through the present;

(b) Plaintiff is entitled to Long Term disability benefits from April 28, 2018 through the present;

(c) An award reasonable attorney's fees and costs incurred in this action is proper; and

(d) Any such other and further relief this Court deems just and proper, including but not limited to a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and remanding Plaintiff's claim to DIRECTV PLAN and HARTFORD for further action to address continuing benefits after the final date of benefits awarded by this Court.

WHEREFORE, petitioner seeks a judgment for such relief as may be proper.

June 27, 2019  /s/ Greg James Maeser
DATED  Greg James Maeser, Esq.
 Maeser Law Office, PLLC
 149 N. Placer Avenue
 Idaho Falls, ID 83402
 Telephone: 208-523-7060
 Facsimile: 208-522-4090
 Email: gregmaeser@gmail.com